## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DANIEL OGLESBY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **Civil Action No. 5:13-0221** |
| | ) | **Criminal Action No. 5:09-00239** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 86.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 88.)

### FACTUAL BACKGROUND

By a single count Indictment filed on October 27, 2009, Movant was charged with knowingly and intentionally possessing with intent to distribute for remuneration a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:09-00239, Document No. 1.) By a single count Information filed on September 27, 2010, Movant was charged with knowingly and intentionally distributing a quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Id., Document No. 38.) On October 5, 2010, Movant pled guilty to the single count Indictment charging him with knowingly and intentionally possessing with intent to distribute for remuneration a quantity of marijuana, and the single count

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Information charging him with knowingly and intentionally distributing a quantity of cocaine. (<u>Id.</u>, Document Nos. 40 - 43.) A Presentence Investigation Report was prepared. (<u>Id.</u>, Document No. 54.) The District Court determined that Movant had a Base Offense Level of 20, and a Total Offense Level of 29, the Court having found that Movant (1) qualified for a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1); (2) met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a); and (3) qualified for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (<u>Id.</u>, pp. 9 - 10.) The District Court sentenced Movant on February 3, 2011, to serve a 151-month term of incarceration to be followed by a three-year term of supervised release. (<u>Id.</u>, Document Nos. 51 and 52.) The District Court also imposed a $200 special assessment. (<u>Id.</u>)

On February 14, 2011, Movant filed his Notice of Appeal. (<u>Id.</u>, Document No. 55.) In his appeal, Movant challenged the validity of his guilty plea and the reasonableness of his sentence. <u>United States v. Oglesby</u>, 496 Fed.Appx. 270 (4th Cir. October 31, 2012). On October 31, 2012, the Fourth Circuit affirmed Movant's conviction and sentence. <u>Id.</u> Movant did not file a petition for certiorari with the United States Supreme Court.

On January 7, 2013, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:13-00221, Document No. 86.) As grounds for *habeas* relief, Movant alleges as follows: (1) Ineffective assistance of counsel (<u>Id.</u>, p. 4.); (2) The District Court improperly imposed a career criminal enhancement (<u>Id.</u>, p. 5.); (3) The District Court improperly imposed a two-point gun enhancement (<u>Id.</u>, p. 7.); and (4) The District Court erred by failing to sentence him under the New Guidelines of the Fair Sentencing Act of 2010 (<u>Id.</u>, p. 8.).

On March 1, 2013, Movant filed a letter in support of his Section 2255 Motion. (<u>Id.</u>,

2

Document No. 89.) Specifically, Movant explained that he obtained numerous certificates of completion in a variety of courses. (Id.) Movant states that he "genuinely believes that these courses/programs have helped [him] with [his] rehabilitation." (Id.)

On January 14, 2015, Movant filed a "Motion to Modify the Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Retroactive Amendment 782." (Criminal Action No. 5:09-cr-00239, Document No. 92.) Specifically, Movant requests that the Court grant him a "two point reduction pertaining to the Retroactive Amendment 782." (Id.) This Motion is currently pending before the District Court.

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct

appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851,

130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1.      **Error in Sentencing**:

In Grounds Two, Three, and Four of Movant's Motion, Movant appears to challenge the validity of his sentence. (Civil Action. 1:14-25103, Document No. 26.) Specifically, Movant argues that the District Court erred by imposing a career criminal enhancement, a two-point gun enhancement, and failing to sentence Movant under the Fair Sentencing Act of 2010. (Document No. 86, pp. 5 - 8.) Movant appears to argue that the District Court breached the terms of his plea agreement, which provided that Movant would not be sentenced as career offender. (Id., p. 5.) Concerning the two-point gun enhancement, Movant argued that his "plea involved the removal of his offense and any relevant conduct it may influence in my sentencing."[2] (Id., p. 7.) Finally, Movant argued that "if the New Guidelines of the Fair Sentencing Act of 2010 were applicable to [his] case, indeed the amount of cocaine in [his] case would not have triggered a base offense level as high as presently calculated in [his] judgment and commitment order." (Id., p. 8.)

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on

_____

[2] The record reveals that trial counsel objected to the two-point gun enhancement. (Criminal No. 5:09-cr-00239, Document No. 54, p. 22 and Document No. 66, pp. 4 - 9.)

5

grounds of ineffective assistance of counsel. (Criminal No. 5:09-00239, Document No. 43, pp. 5 - 6.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary. During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to plead guilty was voluntary. (Criminal Action No. 5:09-00239, Document No. 65.) Specifically, the District Court questioned Movant as follows:

> THE COURT:        Has anyone forced, coerced, intimidated, or put pressure on you to induce you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT:        Has anybody promised you anything or told you anything different than what I've said to you this afternoon to induce you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT:        Are you acting freely and voluntarily and of your own free will in pleading guilty, Mr. Oglesby?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT:        Is pleading guilty your own idea? After conferring with

counsel, is it your own idea?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  I find that your pleas of guilty are voluntary. Do you have any questions or second thoughts about entering your pleas of guilty?

THE DEFENDANT: No, ma'am.

(Id., pp. 32 - 33.) The undersigned, therefore, concludes that Movant's appellate waiver was voluntary.

Movant's waiver was knowing and intelligent. A review of the plea agreement reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

Mr. Oglesby also knowingly and voluntarily waives the right to challenge his guilty plea and his convictions resulting from this plea agreement, and any sentence imposed for the convictions, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Criminal Action No. 5:09-00239, Document No. 43, pp. 5 - 6, ¶ 11.) Considering Movant's educational background, the record reveals that Movant completed the 11th grade and obtained his G.E.D. (Id., p. 3.) During the Plea Hearing, the terms of the plea agreement were reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., pp. 5 - 11.) During the Rule 11 colloquy, the District Court inquired as follows:

THE COURT:  Do you understand, however, that by virtue of your plea agreement, you have agreed to give up your right to appeal under many circumstances?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you understand that you have retained your right to appeal your sentence if you believe that I've miscalculated the relevant advisory guideline range?

7

THE DEFENDANT:   Yes, ma'am.

THE COURT:       Do you also understand that you have agreed to give up your right to appeal the term of imprisonment or fine on any ground whatsoever if that sentence of imprisonment or fine is either within or below the United States Guideline range?

THE DEFENDANT:   Yes, ma'am.

THE COURT:       Do you also understand that you've waived your right to challenge your guilty plea, conviction, and sentence by collateral attack, including a motion brought pursuant to 28, U.S.C., section 2255, unless that collateral attack is based on a claim of ineffective assistance of counsel?

THE DEFENDANT:   Yes, ma'am.

THE COURT:       And do you understand that you've waived all rights to request or receive from any department or agency of the United States any records related tot he investigation or prosecution of your case under the Freedom of Information Act or the Privacy Act of 1974 following final diposition?

THE DEFENDANT:   Yes, ma'am.

THE COURT:       Have you discussed the waiver of these appeal rights with your attorneys, Mr. Oglesby?

THE DEFENDANT:   Yes, ma'am.

THE COURT:       And having done so, do you still wish to waive those rights?

THE DEFENDANT:   Yes, ma'am.

(Id., pp. 28 - 29.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and intelligent. Thus, Movant waived his right to challenge the validity of his convictions and sentence.

**2.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard established in
Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney
error that results in a procedural default.") The movant must therefore show (1) that his attorney's
performance was constitutionally inadequate, i.e., that he committed errors so serious that his
performance "fell below an objective standard of reasonableness" and (2) that his attorney's
performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the
result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson,
943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

A.    **Counsel's alleged misrepresentation regarding sentencing.**

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of
action open to the defendant."North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d
162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104
S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea
of guilty made by an accused person, who has been advised by competent counsel, may not be
collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an
examination of "whether the underlying plea was both counseled and voluntary." United States v.
Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney
General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed
involuntary if it is entered without knowledge of material information withheld by the prosecution.
See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant
challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution
withheld evidence favorable to the defendant and material to guilt or punishment when defendant
requested it.).

In his Motion, Movant alleges that his plea was made unknowingly because trial counsel failed to adequately explain Movant's sentencing exposure. (Civil Action No. 5:13-00221, Document No. 86, p. 4.) Specifically, Movant explains that his attorney "assured [him] that the prosecutor would dismiss the firearm and any drug sale charges/convictions of the past if [he] pled guilty to the indictment that charged [him] with possession with intent to distribute marijuana and the information that charged [him] with distribution of cocaine." (Id.) Movant explains that his attorney "told [him] that [he] would not receive the Career Criminal Enhancement because the Prosecutor was in agreement that if [Movant] signed the Plea Agreement the Government would not file a Career Criminal or any 851 Enhancements."[3] (Id.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided, in pertinent part, as follows:

> Mr. Oglesby will plead guilty to said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute for remuneration a quantity of marijuana), and will plead guilty to said information, which charges him with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of cocaine). The United States agrees not file an information pursuant to 21 U.S.C. § 851.

(Criminal No. 5:09-00239, Document No. 43, ¶ 3.) The written plea agreement spelled out the

---

[3] U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Recently, this Court held that "enhancing a convicted individual's sentence under the residual clause of the career offender enhancement, § 4B1.2(a)(2), denies due process of law because the residual clause is unconstitutionally vague." *United States v. Litzy*, 2015 WL 5895199 (S.D.W.Va. Oct. 8, 2015)(Chief Judge Chambers), *citing Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In the instant case, however, Movant's guideline range was not enhanced pursuant to the residual clause of U.S.S.G. § 4B1.2(a)(2). The record reveals that Movant's sentence was enhancement because "(1) the defendant was at least 18 years of age at the time of instant offense; (2) the counts of conviction are felony controlled substance offenses; and (3) the defendant has at least two prior felony controlled substances offenses." (Criminal Action No. 5:09-00239, Document No. 54, p. 10.)

maximum sentence to which Movant was subject by virtue of his plea. (Id., ¶ 4.) The plea agreement further stated at Paragraph 13 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 6.) Finally, the plea agreement stated that "[t]his written agreement constitutes the entire agreement between the United States and Mr. Oglesby in this matter." (Id., p. 7.)

During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to pled guilty was made knowingly. (Id., Document No. 65.) Following the United States' summary of the Plea Agreement, the District Court questioned Movant as follows:

THE COURT:          Mr. Oglesby, do you understand what the agreement does?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Specifically, do you understand what it requires of you?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Do you have any questions about the plea agreement?

THE DEFENDANT: No, ma'am.

THE COURT:          Were each of the paragraphs of that agreement discussed with you prior to reaching an agreement with the Government?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Are those, in fact, your initials on Pages 1 through 6 of the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Is that your signature on Page 7 of the agreement and on the Exhibit A, the stipulation?

THE DEFENDANT: Yes, ma'am.

(Id., pp. 9 - 10.) The District Court thoroughly explained the nature of each charge against Movant.

(<u>Id.</u>, pp. 15 - 18.) In Response, Movant acknowledged that he was guilty and stated a factual basis for each charge. (<u>Id.</u>, pp. 16 - 20.) Additionally, the District Court thoroughly questioned Movant regarding whether his decision to pled guilty was voluntary. (<u>Id.</u>, pp. 32 - 33.) The District Court concluded that Movant's plea was voluntary. (<u>Id.</u>) The District Court further found that Movant's plea was not the result of any promises or threats. (<u>Id.</u>, pp. 31 - 33.) Specifically, the District Court inquired as follows:

> Q.     Has anyone promised you anything or told you anything different that what I've said to you this afternoon to induce you to plead guilty?
>
> A.      No, ma'am.

(<u>Id.</u>) Finally, Movant affirmed that he was "completely satisfied" with representation from defense counsel. (<u>Id.</u>, pp. 4 - 5.) Nothing in the record indicates that Movant's plea was made unknowingly or involuntarily. Accordingly, Movant's allegation that his plea was entered into unknowingly or involuntarily due to ineffective assistance of counsel is without merit.

## <u>PROPOSAL AND RECOMMENDATION</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Application to Proceeding Without Prepayment of Fees and Costs (Document No. 85), **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 86) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: December 3, 2015.

R. Clarke VanDervort
United States Magistrate Judge